IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE JAMES GREENHAW,

    Petitioner,                   No. CIV S-07-1812 MCE KJM P

   vs.

KEN CLARKE, Warden, et al.,

    Respondents.               FINDINGS AND RECOMMENDATIONS

         Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus, challenging his enhanced sentence of 16 years. He claims the sentence violated his plea bargain in a previous case and that he is actually innocent of the sentence. Respondent has filed a motion to dismiss, arguing that the petition is not timely under 28 U.S.C. § 2244(d), because the statute of limitations period has expired. As explained below, the court concludes that the petition is not timely, and that the "actual innocence" exception does not apply.

I. Background

         Petitioner has listed his "date of the judgment of conviction" as "8/5/02." Pet. at 1; also see Lodged Document (Doc.) 2 at 2. The abstract of judgment states that petitioner pled guilty on this date with respect to charges of kidnaping, assault with a deadly weapon, terrorist threats, dissuading a victim/report, and possession of cocaine. Doc. 1 at 1.

1    In their motion to dismiss, respondents argue that petitioner's federal habeas
2 action should be dismissed, because the petition was not filed within the one-year statute of
3 limitations period contained in 28 U.S.C. § 2244(d).  Motion to Dismiss (MTD) at 1.
4 Respondents further argue in their motion that the petitioner cannot demonstrate actual
5 innocence, and, even if he could, the actual innocence exception does not apply to cases that
6 exceed the statute of limitations.  MTD at 3-4.

7    Petitioner admits in his opposition to the motion to dismiss that the petition is in
8 fact untimely.  Opposition to Motion to Dismiss (Opp'n) at 1.  Petitioner contends he is
9 "factually innocent" of the sentence he received, because his prior plea bargain barred the use of
10 his priors as strikes.  Opp'n at 2-4; Pet'r's Decl. (attached to Pet.) at 16-B.

11    In their reply, respondents reiterate their position that petitioner cannot
12 demonstrate actual innocence and that in any event the actual innocence exception does not apply
13 to petitioner's petition, barred by the statute of limitations.  Reply to Opp'n to Mot. to Dismiss
14 (Reply) at 2-3.

15    The instant petition was filed September 4, 2007.

16 II.  The Statute of Limitations

17     A.  Statutory Tolling

18    One of the changes the Antiterrorism and Effective Death Penalty Act (AEDPA)
19 made to the habeas statutes was to add a statute of limitations for filing a habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

25 /////
26 /////

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

Section 2244 is the exclusive means of determining the finality of a conviction. Wixom v. Washington, 264 F.3d 894, 898 (9th Cir. 2001).

In addition, under § 2244(d)(2), the AEDPA's limitations period is tolled when there is a "properly filed application for State post-conviction or other collateral review." Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001). But, if a state habeas is filed after the running of the statute of limitations there is no tolling. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Vroman v. Brigano, 346 F.3d 598 (6th Cir. 2003).

Furthermore, Rule 6(a) of the Federal Rules of Civil Procedure is applicable to any federal statute if that statute does not contain a contrary policy. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Indeed, the rule states that any time period computed should "exclude the day of the act, event or default that begins the period." Fed. R. Civ. P. 6(a).

Petitioner did not appeal the sentence he received on August 5, 2002. Doc. 2 at 13. Therefore, under California Rules of Court, Rule 8.308(a), petitioner's sentence became final after the expiration of his 60-day appeals period, which began on the day after he was sentenced. Thus, the statute of limitations period began running on October 6, 2002, and expired on October 6, 2003 under Rule 6(a). Patterson, 251 F.3d at 1246 (day of the event is not included in computing time).

/////

/////

Petitioner did file a habeas petition in the state supreme court, but not until October 17, 2006. Because it was not filed within the one year period established in § 2244 it does not toll the statute of limitations. Doc. 2 at 1.

The petitioner's habeas corpus claim is barred by the statute of limitations, because his federal filing exceeded the one year limitations period by nearly four years.

B. Miscarriage of Justice

A party seeking a writ of habeas corpus through a petition that is procedurally barred may still be permitted to bring his claim "if he falls within the narrow class of cases . . . implicating a fundamental miscarriage of justice." Schlup v. Delo, 513 U.S. 298, 314-15 (1995).

Cases that fall within this narrow class include cases where there is a constitutional violation that "probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). In such cases, a petitioner's claim of innocence is "not itself a constitutional claim but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390, 404 (1993). To pass through this gateway, the party must show that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327. But, there must be new evidence of innocence, and a valid claim of a constitutional violation without new evidence will be barred without the court's reaching the merits of the claim. Id. at 316.

The standard is somewhat different for claims of sentencing error. Under Sawyer v. Whitley, 505 U.S. 333, 336 (1992), the petitioner must "show by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state law," in order to have an otherwise procedurally barred habeas corpus claim heard. Id. at 336.

/////

/////

There is no developed "miscarriage of justice" exception to the bar created by expiration of the statute of limitations. However, in <u>Majoy v. Roe</u>, 296 F.3d 770, 776-77 (9th Cir. 2002), the court stated that the miscarriage of justice exception may override the AEDPA's statute of limitations. <u>Id.</u> (citing several cases for the proposition that it may violate the Constitution to deny a habeas petition in the face of otherwise valid habeas claims based on expiration of the statute of limitations).

As noted, on August 5, 2002, petitioner pled guilty to the charges brought against him. <u>See</u> Doc. 1. Petitioner in this case states he is only contesting his sentence and not his conviction. Opp'n at 3. Thus, the <u>Carrier</u> standard does not apply here, because it is reserved for those who claim "actual innocence."

The thrust of petitioner's argument, however, is that he has been unfairly sentenced in light of his prior plea agreement, entered into in 1992. <u>See</u> Pet'r's Decl. at 16-B; <u>see also</u> <u>generally</u> Opp'n. The court construes this argument as one seeking equitable tolling of the statute of limitations. Equitable tolling under <u>Sawyer</u>, <u>supra</u>, has been applied to non-capital habeas petitions previously. <u>See</u> <u>United States v. Maybeck</u>, 23 F.3d 888, 893 (4th Cir. 1994) (stating that there is very little difference between a capital and a noncapital case aside from the severity of the sentence). However, the Supreme Court recently has declined to determine whether the rule under <u>Sawyer</u> should be extended to include noncapital sentencing error cases. <u>Dretke v. Haley</u>, 541 U.S. 386 (2004). <u>See also</u> <u>Reid v. Oklahoma</u>, 101 F.3d 628, 630 (10th Cir. 1996) (stating that recidivist enhancements do not fall under the miscarriage of justice exception); <u>Embrey v. Hershberger</u>, 131 F.3d 739, 740 (8th Cir. 1997) (stating that <u>Sawyer</u> only applies to the sentencing phase of death sentences).

Even if <u>Sawyer</u> applied, however, petitioner cannot meet the "clear and convincing standard" required under <u>Sawyer</u> for those challenging their sentences. <u>Sawyer</u>, 505 U.S. at 336. In this case, petitioner argues that the plea bargain resulting in his prior conviction limits the ways in which the priors could later be used for enhancement; therefore, he argues, the

5

current sentence is not valid.  Pet'r's Decl. at 16-B - 16-C.[1]  The government is bound by the plea agreements it enters into if the agreements are supported by consideration or induce the other party to make the plea.  Davis v. Woodford, 446 F.3d 957, 960-61 (9th Cir. 2006).  Petitioner's attack on his current enhanced sentence does not make clear the details of his prior plea agreement, and petitioner has not provided the court a copy of the agreement.  Petitioner's mere statements do not make the required showing of "clear and convincing evidence" that no reasonable jury could have found petitioner eligible for the sentence he attacks here.

       Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 17, 2008.

                                                           U.S. MAGISTRATE JUDGE

gree1812.f&f

---

[1] The use of the 1992 conviction to enhance petitioner's current sentence does not create a double jeopardy problem.  See Witte v. United States, 515 U.S. 389, 399-400 (1995).

6